Craig Solomon Ganz (023650)
ganzc@ballardspahr.com
Michael DiGiacomo (032251)
digiacomom@ballardspahr.com
BALLARD SPAHR LLP
1 East Washington Street, Suite 2300
Phoenix, AZ 85004-2555
Telephone: 602.798.5400
Facsimile: 602.798.5595

*Attorneys for Plaintiff*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| 3503 RP Avondale McDowell, L.L.C. f/k/a Inland Western Avondale McDowell, LLC, a Delaware limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>JJ Holmes LLC, an Arizona limited liability company, MJSaleh LLC, an Arizona limited liability company, Al Saleh, an individual, and Cathy Saleh, an individual, and Jeffrey Holmes, an individual,<br><br>Defendants. | NO.<br><br>**COMPLAINT**<br><br>**(Breach of Contract; Breach of Guaranty; Breach of the Duty of Good Faith and Fair Dealing)** |

Plaintiff 3503 RP Avondale McDowell, L.L.C. f/k/a Inland Western Avondale McDowell, LLC ("3503 RP" or "Plaintiff"), for its Complaint against Defendants JJ Holmes LLC ("JJ"), MJSaleh LLC, Jeffrey Holmes, Al Saleh, and Cathy Saleh (collectively, "Defendants") alleges as follows:

/ / /

/ / /

**PARTIES, JURISDICTION, AND VENUE**

1. Plaintiff is a Delaware limited liability company consisting of its sole member Retail Properties of America, Inc., a Maryland corporation with its principal place of business in Oak Brook, Illinois.

2. Defendant JJ Holmes LLC is a limited liability company organized under the laws of the State of Arizona. On information and belief, the members of JJ Holmes LLC are citizens of the State of Arizona.

3. Defendant MJSaleh LLC is a limited liability company organized under the laws of the State of Arizona. On information and belief, the members of MJSaleh LLC are citizens of the State of Arizona.

4. Defendant Jeffrey Holmes is an individual residing in the State of Arizona.

5. Defendant Al Saleh is an individual residing in the State of Arizona.

6. Defendant Cathy Saleh is an individual residing in the State of Arizona.

7. Pursuant to 28 U.S.C. § 1332(a)(1), federal district courts have original jurisdiction over all civil actions between citizens of different states where the amount in controversy exceeds $75,000, exclusive of interest and costs.

8. For purposes of § 1332(a)(1), Plaintiff is a citizen of Maryland and Illinois. Citizenship of an LLC is established based on the citizenship of its members. The Plaintiff-LLC's sole member is a Maryland corporation with its principal place of business in Oak Brook, Illinois.

9. Defendant JJ Holmes LLC, on information and belief, is a citizen of the State of Arizona.

10. Defendant Jeffrey Holmes, on information and belief, is a citizen of the State of Arizona.

11. Defendant MJSaleh LLC, on information and belief, is a citizen of the State of Arizona.

12. Defendant Al Saleh, on information and belief, is a citizen of the State of Arizona.

13. Defendant Cathy Saleh, on information and belief, is a citizen of the State of Arizona.

14. The amount in controversy exceeds $75,000, exclusive of interests and costs.

15. Venue is proper in the District of Arizona because all Defendants reside within the State of Arizona.

16. Venue is proper in the District of Arizona because the acts and events giving rise to the claims set forth herein took place fully, or in substantial part, in Maricopa County, Arizona.

17. This case arises out of contract and, therefore, Plaintiff is entitled to attorneys' fees associated with the prosecution of this action pursuant to A.R.S. § 12-341.01(A), as well as the Lease (defined below), including without limitation Section 11.2.

**GENERAL ALLEGATIONS**

18. On or about February 21, 2003, MJSaleh, LLC (the "Original Tenant") and Gateway Pavilions, LLC (the "Original Landlord") entered into that certain Lease Agreement (the "Lease") for the property located at 10220 W. McDowell Road, Suite 160, Avondale, Arizona 85323 (the "Premises").

3

19. On or about February 21, 2003, in connection with the Lease, Al Saleh, and Cathy Saleh executed that certain Guaranty of Lease (the "Saleh Guaranty") for the benefit of the Original Landlord.

20. On or about December 7, 2004, 3503 RP[1], pursuant to a certain Purchase and Sale Agreement and Escrow Instructions dated August 7, 2004, assumed the Lease and Saleh Guaranty from the Original Landlord.

21. 3503 RP and Original Tenant executed a Lease Extension (the "First Amendment") dated June 17, 2010.

22. 3503 RP and Original Tenant executed a Second Amendment of Lease (the "Second Amendment" collectively with the Lease and First Amendment, the "Amended Lease") dated September 11, 2012.

23. On or about April 13, 2018, the Original Tenant entered into a certain Assignment and Assumption of Lease Agreement with JJ whereby JJ assumed the Amended Lease from the Original Tenant.

24. Pursuant to the Assignment and Assumption of Lease Agreement, Original Tenant, as the assignor, and Al Saleh and Cathy Saleh as original guarantors, expressly agreed to be liable for the performance of JJ's obligations, including without limitation, the payment of all rent (including Minimum Annual Rent, Percentage Rent and Additional Rent, and all charges and deposits (including Common Area Costs, Taxes and Insurance)

---

[1] 3503 RP Western Avondale McDowell, LLC changed its name from Inland Western Avondale McDowell, LLC on or about January 4, 2017. Inland Western Avondale McDowell, LLC is the named party on that certain Purchase and Sale Agreement and Escrow Instructions dated August 7, 2004.

4

due to be paid to 3503 RP under the Amended Lease.

25. Further, in connection with the Assignment and Assumption of Lease Agreement, Jeffrey Holmes ("Holmes") executed a Form of Guaranty (the "Holmes Guaranty") whereby Jeffrey Holmes "absolutely, unconditionally and irrevocably" guaranteed to 3503 RP "the full and punctual performance and observance by [JJ] of all of the terms, conditions, covenants and obligations to be performed and observed by [JJ] under the Lease".

26. Pursuant to the Amended Lease, the Lease Term is not set to expire until July 31, 2023.

27. Pursuant to the Amended Lease, JJ agreed to pay Minimum Annual Rent[2] in equal monthly installments during the periods set forth below.

| Period | Minimum Annual Rent | Minimum Monthly Rent |
|---|---|---|
| Year 1 (9/01/2013 to 7/31/2014) | $172,294.56 | $14,357.88 |
| Year 2 (9/01/2014 to 7/31/2015) | $175,725.12 | $14,643.76 |
| Year 3 (9/01/2015 to 7/31/2016) | $179,225.64 | $14,935.47 |
| Year 4 (9/01/2016 to 7/31/2017) | $182,866.08 | $15,238.84 |
| Year 5 (9/01/2017 to 7/31/2018) | $186,506.64 | $15,542.22 |
| Year 6 (9/01/2018 to 7/31/2019) | $190,217.16 | $15,851.43 |
| Year 7 (9/01/2019 to 7/31/2020) | $193,997.76 | $16,166.48 |
| Year 8 (9/01/2020 to 7/31/2021) | $197,918.28 | $16,493.19 |
| Year 9 (9/01/2021 to 7/31/2022) | $201,838.80 | $16,819.90 |
| Year 10 (9/01/2022 to 7/31/2023) | $205,899.36 | $17,158.28 |

28. Pursuant to the Amended Lease, JJ agreed to pay Additional Rent, Percentage Rent, and other charges required to be paid pursuant to the Lease.

---

[2] Capitalized terms not defined herein shall have the meaning ascribed to such terms in the Lease.

29. JJ operates a Native Grill & Wings franchise in the Premises.

30. JJ closed its operations on or about March 20, 2020 as a result of Governor Doug Ducey's executive order restricting dine-in service.

31. Upon information and belief, JJ did not operate any take out service as permitted under Governor Ducey's executive order.

32. The executive order restricting dine-in service ended in May of 2020.

33. Upon information and belief, JJ has not re-opened its operations for dine-in or take-out services since its initial closure in March 2020.

34. As of December 1, 2020, JJ owed an amount no less than $239,209.73 for unpaid Rent and related charges.

35. MJSaleh, as the Original Tenant, Al and Cathy Saleh, as guarantors, and Jeffrey Holmes, as an additional guarantor, are liable for the unpaid amounts currently due under the Lease.

## COUNT ONE

### (Breach of Contract—Amended Lease)

36. Plaintiff incorporates all prior allegations of the Complaint as if fully set forth herein.

37. The Amended Lease is a valid, binding, and enforceable agreement between Plaintiff and Defendant JJ.

38. The Plaintiff, as landlord, performed its obligations under the Amended Lease.

39. Defendant JJ, as tenant, has breached the Amended Lease for the reasons set

forth above, including without limitation by failing to pay Minimum Annual Rent and Additional Rent as required under the terms of the Amended Lease.

40. Defendant MJSaleh LLC remains obligated under the terms of the Amended Lease and the Assignment and Assumption of Lease Agreement, and, for the reasons set forth above, breached its obligations under the Amended Lease, including without limitation by failing to pay Minimum Annual Rent and Additional Rent as required under the terms of the Amended Lease.

41. As a result of the Defendants' breach, Plaintiff has been damaged in an amount, no less than $239,209.73, to be fully determined at trial.

42. Plaintiff has been required to retain the services of counsel to address Defendants' breaches and is entitled to recover its contractual and statutorily permitted attorneys' fees and costs incurred in exercising its rights and pursuing its remedies.

## COUNT TWO

**(Breach of Contract—Saleh Guaranty)**

43. Plaintiff incorporates all prior allegations of the Complaint as if fully set forth herein.

44. The Saleh Guaranty is a valid, binding, and enforceable agreement between Plaintiff and Al and Cathy Saleh.

45. At all relevant times the Plaintiff performed its obligations under the Amended Lease and Guaranty.

46. Al and Cathy Saleh's failure to ensure punctual payment and performance of all Monetary Obligations under the Amended Lease is a breach of the Saleh Guaranty.

47. Al and Cathy Saleh's failure to cure, or cause JJ to cure, the Events of Default under the Amended Lease, as described above, is a breach of the Saleh Guaranty.

48. As a reasonable and foreseeable consequence of the Al and Cathy Saleh's breach of the Saleh Guaranty, Plaintiff has suffered damages in an amount to be proven at trial, plus interest at the rate of 18% per annum, and reasonable attorneys fees' and costs incurred by Plaintiff in the enforcement of its rights under the Amended Lease and the Saleh Guaranty pursuant to the terms thereof and A.R.S. §§ 12-341 and 12-341.01.

## COUNT THREE

### (Breach of Contract—Holmes Guaranty)

49. Plaintiff incorporates all prior allegations of the Complaint as if fully set forth herein.

50. The Holmes Guaranty is a valid, binding, and enforceable agreement between Plaintiff and Holmes.

51. At all relevant times the Plaintiff performed its obligations under the Amended Lease and Guaranty.

52. Holmes's failure to ensure punctual payment and performance of all Monetary Obligations under the Amended Lease is a breach of the Holmes Guaranty.

53. Holmes's failure to cure, or cause JJ to cure, the Events of Default under the Amended Lease, as described above, is a breach of the Holmes Guaranty.

54. As a reasonable and foreseeable consequence of the Holmes's breach of the Holmes Guaranty, Plaintiff has suffered damages in an amount to be proven at trial, plus interest at the rate of 18% per annum, and reasonable attorneys fees' and costs incurred by

8

Plaintiff in the enforcement of its rights under the Amended Lease and the Holmes Guaranty pursuant to the terms thereof and A.R.S. §§ 12-341 and 12-341.01.

## COUNT FOUR

### (Breach of the Covenant of Good Faith and Fair Dealing – Pleaded in the Alternative)

55. Plaintiff incorporates all prior allegations of the Complaint as if fully set forth herein.

56. The Amended Lease is a valid, binding, and enforceable agreement between Plaintiff and Defendants JJ and MJSaleh, LLC.

57. The Saleh Guaranty is a valid, binding, and enforceable agreement between Plaintiff and the Al and Cathy Saleh.

58. The Holmes Guaranty is a valid, binding, and enforceable agreement between Plaintiff and Holmes.

59. Arizona law implies a duty of good faith and fair dealing into all contracts, including the Lease.

60. Defendants owe a duty of good faith and fair dealing to Plaintiff.

61. By the acts set forth herein, including, but not limited to, Defendants' failure to make payments due under the Amended Lease, Defendants have breached their duty of good faith and fair dealing.

62. As a reasonable and foreseeable consequence of Defendants' breach of the duty of good faith and fair dealing, Plaintiff has suffered damages in an amount to be proven at trial, but in any event no less than $239,209.73, and reasonable attorneys fees'

and costs incurred by Plaintiff in the enforcement of its rights under the Amended Lease pursuant to the terms thereof and A.R.S. §§ 12-341 and 12-341.01.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff 3503 RP Avondale McDowell, LLC prays that judgment be entered in its favor against Defendants and that the Court grant the following relief:

A. With respect to the First Cause of Action, Plaintiff requests that judgment be entered in its favor against Defendants JJ Holmes LLC and MJSaleh LLC, awarding damages in an amount to be proven at trial together with interest through the date of judgment, post-judgment interest, and reasonable attorneys' fees and costs incurred in pursuing relief under the Amended Lease and for bringing this action;

B. With respect to the Second Cause of Action, Plaintiff requests that judgment be entered in its favor against Defendants Al and Cathy Saleh, awarding damages in an amount to be proven at trial together with interest through the date of judgment, post-judgment interest, and reasonable attorneys' fees and costs incurred in pursuing relief under the Amended Lease and the Saleh Guaranty and for bringing this action;

C. With respect to the Third Cause of Action, Plaintiff requests that judgment be entered in its favor against Defendant Jeffrey Holmes awarding damages in an amount to be proven at trial together with interest through the date of judgment, post-judgment interest, and reasonable attorneys' fees and costs

incurred in pursuing relief under the Amended Lease and the Holmes Guaranty and for bringing this action;

D. In the alternative, Plaintiff requests that judgment be entered in its favor against Defendants JJ Holmes, LLC; MJSaleh, LLC; Al and Cathy Saleh; and Jeffrey Holmes, awarding damages in an amount to be proven at trial together with interest through the date of judgment, post-judgment interest, and reasonable attorneys' fees and costs incurred in pursuing relief under the Lease and bringing this action; and

E. Any such other and further relief that the Court deems just and proper under the circumstances.

RESPECTFULLY SUBMITTED this 30th day of December, 2020.

BALLARD SPAHR LLP

By: *Michael DiGiacomo*
Craig Solomon Ganz
ganzc@ballardspahr.com
Michael DiGiacomo
digiacomom@ballardspahr.com
1 East Washington Street, Suite 2300
Phoenix, AZ 85004-2555
Telephone: 602.798.5400
Facsimile: 602.798.5595
*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

I certify that on the 30th day of December, 2020, I electronically transmitted a PDF version of this document to the Office of the Clerk of the Court, using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to all CM/ECF registrants listed for this matter.

Further, I caused a copy of this document to be sent via U. S. First Class Mail to the following recipient(s):

[Type Mailing Information]

By: /s/ _____